This appeal concerns the denial of a motion to compel arbitration. In July 2000, Tommy Carter and Patricia Carter filed a civil action in the Pickens Circuit Court seeking damages from Oakwood Mobile Homes, Inc., and Destiny Industries, Inc. ("the defendants"). The Carters claimed that a new mobile home they had purchased from the defendants was defective; they stated an implied-warranty claim arising under Alabama law and a federal-law claim arising under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 et seq. ("Magnuson-Moss Act"). The defendants filed a motion to compel arbitration and to dismiss the action, alleging that the Carters had agreed to submit "[a]ll claims, disputes and controversies arising out of or relating in any way to the sale, purchase, or occupancy of [their] home" to "binding arbitration administered by the American Arbitration Association (`AAA') under its Commercial Rules." A copy of an arbitration agreement bearing the Carters' signatures was attached to the motion.
After the parties had filed affidavits in support of their positions concerning the arbitrability of the Carters' claims, the trial court denied the defendants' motion, concluding that the defendants had made misrepresentations during the sale of the mobile home and that the Carters had reasonably relied on those misrepresentations. The defendants' appeal from the trial court's order (see Rule 4(d), Ala.R.App.P.) was transferred by the Alabama Supreme Court to this court pursuant to § 12-2-7(6), Ala. Code 1975.
In Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265 (1995), the United States Supreme Court held that the Federal Arbitration Act ("FAA") preempts contrary Alabama law that would otherwise bar specific enforcement of a predispute arbitration agreement entered into with respect *Page 1100 
to a transaction involving interstate commerce. Thus, such arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.
Following Allied-Bruce Terminix, Alabama law has treated a motion to compel arbitration as "analogous to a motion for a summary judgment."TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala. 1999). Consequently, "[t]he party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction affecting interstate commerce," id. If that burden is met, the burden then shifts to the nonmovant "`to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question,'" Ryan'sFamily Steak Houses, Inc. v. Regelin, 735 So.2d 454, 457 (Ala. 1999) (quoting Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala. 1995)).
In this case, the defendants presented a signed arbitration agreement that stated that the parties acknowledged that the mobile-home sale was a transaction in interstate commerce, that they agreed to be bound by the FAA, and that all claims, disputes, and controversies arising out of or relating to the sale, purchase, or occupancy of the mobile home would be resolved by binding arbitration. Thus, the defendants made a prima facie showing that they were entitled to arbitrate the Carters' claims, and the burden then shifted to the Carters to make an evidentiary showing that their claims were not, in fact, subject to arbitration.
In opposition to the defendants' motion to compel arbitration, the Carters filed a response in which they contended that an employee of Oakwood Mobile Homes made "two material misrepresentations of law and/or fact concerning the operation of the arbitration clause and/or desirability of litigation claims in arbitration." However, the sole evidentiary support for this contention appears in Tommy Carter's affidavit, in which he avers, in pertinent part, that at the time the Carters executed the paperwork to purchase the mobile home (1) "[o]ne of the documents that [the Carters] were told to sign contained an arbitration clause"; (2) neither of [the Carters] knew what arbitration was; (3) Patricia Carter remarked that she "figured that the `probate judge or somebody' would come in and settle any problems that might come up," at which time an employee of Oakwood Mobile Homes responded "yeah"; and (4) an employee of Oakwood Mobile Homes had stated that "the arbitration clause was for [the] benefit" of the Carters. These facts, say the Carters, amount to fraud in the inducement, which vitiates their apparently voluntary agreement to arbitrate their disputes with the defendants.
Our Supreme Court has held that "`[w]hen a claim of fraud in the inducement is directed toward the arbitration clause itself, the issue is adjudicated by the court,' but `when a claim of fraud in the inducement is directed toward the entire contract, . . . the issue is subject to arbitration.'" Harold Allen's Mobile Home Factory Outlet, Inc. v. Early,776 So.2d 777, 782 (Ala. 2000) (quoting Investment Mgmt. Research,Inc. v. Hamilton, 727 So.2d 71, 78 (Ala. 1999)). "`A party must provide substantial evidence of fraud in the inducement, particularly related to the arbitration clause, in order to avoid arbitration.'" Early, 776 So.2d at 782 (quoting Ex parte Perry, 744 So.2d 859, 863 (Ala. 1999)). We note that "[f]raud in the inducement consists of one party's misrepresenting a material fact *Page 1101 
concerning the subject matter of the underlying transaction and the other party's relying on the misrepresentation to his, her, or its detriment in executing a document or taking a course of action."Oakwood Mobile Homes, Inc. v. Barger, 773 So.2d 454, 459 (Ala. 2000) (emphasis omitted).
We first consider the Oakwood Mobile Homes employee's response to Ms. Carter's statement that "the `probate judge or somebody' would come in and settle any" disputes between the parties. As an initial matter, the disjunctive nature of the statement — either a "probate judge or somebody" else will decide disputes — renders suspect the Carters' claim that the response — "yeah" — was false. In fact, the arbitration agreement provides that the parties would select an "independent and impartial arbitrator," or, in the alternative, each party would select one arbitrator for an arbitration panel and those two arbitrators would themselves choose a third arbitrator. The only limitations on who may be selected as an arbitrator are that the arbitrator must be a lawyer licensed by the Alabama State Bar and must be approved to serve on an "AAA panel" unless the parties agree to the contrary. Thus, the parties indeed have the power to agree to have a "probate judge or somebody else" serve as an arbitrator.
More importantly, however, to the extent that the alleged representation concerning who will decide disputes under the agreement could be said to be false because of the requirement that the arbitrator be admitted to the Alabama State Bar and be approved to serve on an AAA panel,[1] the arbitration agreement would clearly contradict any inference that that representation was true. Under Alabama law, "a person cannot blindly rely on an agent's oral representations to the exclusion of written disclosures in a contract," and the defendants had no independent duty to explain the arbitration agreement to the Carters.Early, 776 So.2d at 784. There is no substantial evidence, therefore, indicating that the Carters could have reasonably relied upon any representations regarding who would decide disputes between the Carters and the defendants.
With respect to the alleged statement by the employee of Oakwood Mobile Homes that the arbitration agreement was for the Carters' benefit, we cannot perceive a misrepresentation of a material fact. First, the arbitration agreement itself states that it "is for and inures to the benefit of the parties hereto." The representation concerning the "benefit" of the arbitration agreement could thus reflect an accurate summary of that contractual provision.
Moreover, absent evidence of an intent to deceive, Alabama law does not allow one to maintain a fraudulent-inducement claim based upon a mere opinion. See Reynolds v. Mitchell, 529 So.2d 227, 231 (Ala. 1988). While the Carters argue that the arbitration clause could only be "for the benefit" of the defendants, as evidenced by Oakwood Mobile Homes' brief to this court, arguments to the contrary can be made. The employee who made the representation at issue could have been of the opinion that the arbitration provision would be beneficial to the Carters (e.g., the employee could have believed that the arbitration would offer the Carters a speedier alternative to conventional litigation). In this case, the *Page 1102 
employee's expressed view that the arbitration agreement was for the Carters' benefit amounted to an opinion, much like the employer's opinion in a 1998 South Carolina case that arbitration is "fair." See Hooters ofAmerica, Inc. v. Phillips, 39 F. Supp.2d 582, 606 (D.S.C. 1998) (employer's alleged statements that arbitration process was "fair," that arbitrators were impartial, and that arbitration was like going to court could not form basis of claim of fraud in the inducement of arbitration agreement), aff'd and remanded, 173 F.3d 933 (4th Cir. 1999).
"Federal law requires this [c]ourt . . . to resolve in favor of arbitration any doubts whether [a] fraudulent-inducement claim is arbitrable." Early, 776 So.2d at 783. Accordingly, we conclude that the trial court erred in this case in failing to grant the defendants' motion to compel arbitration.[2] The trial court's order denying the defendants' motion to compel arbitration is therefore reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Thompson and Pittman, JJ., concur.
Yates, P.J., concurs in the result.
[1] We note that a probate judge, under Alabama law, is not required to be a member of the Alabama State Bar. See Ala. Const. of 1901, amend. 328, § 6.07 (providing that probate judges shall have such qualifications as may be provided by law), and Ala. Code 1975, §12-13-31 (specifying only citizenship and residency requirements for probate judges).
[2] The Carters also contend that the trial court's order denying arbitration was proper as to their Magnuson-Moss Act claim, citing Exparte Thicklin, 824 So.2d 723 (Ala. 2002), for the proposition that arbitration of Magnuson-Moss Act claims should not go forward where an arbitration agreement is not disclosed in an express warranty. However, the abbreviated record before this court does not indicate the precise contents of any express warranty issued by the defendants. We therefore are unable in this appeal to address the merits of the Carters' arguments concerning the applicability of Thicklin or to affirm the trial court's order on that basis.